

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHAUNTEL POTTS, individually and )
on behalf of all others similarly situated, )
                                                 ) Case No. 07 C 3949
        Plaintiffs, )
                                                 )
v. ) Honorable Charles R. Norgle
                                                 )
UNITED STATES PARCEL SERVICE, INC. )
                                                 )
        Defendant. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

      Before the Court is Defendant United Parcel Service, Inc.'s ("UPS") Motion to Dismiss Plaintiff Shauntel Potts's ("Potts") First Amended Class Action Complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). This Opinion and Order is restricted to the issue of whether Potts enjoys standing under Article III to pursue her Title VII claims against UPS on behalf of a class of similarly situated individuals. For the following reasons, we find that she does not. UPS's motion is therefore granted as to Counts I, II and III, without prejudice.

## I. BACKGROUND

### A. FACTS

      As alleged, Potts is a morbidly obese, "Black," and "Dark" former employee of UPS. Am. Class Action Compl. ("AC"), ¶ 3. UPS hired Potts as a management trainee on July 12, 2004. AC, ¶ 34. She was relieved of her position on July 6, 2006, after having failed UPS's promotional testing program. UPS's testing program allegedly resulted in a nationwide failure to promote African-American employees. Id., ¶¶ 34, 36.

To determine which of its management trainees would advance to the position of full-time supervisor, UPS instituted a program known as "MAPP," which stands for "management assessment and promotion process." AC, ¶ 37. UPS designed the MAPP program to evaluate its trainees' ability to execute a variety of tasks that they perform on the job. In doing so, the MAPP program utilized a series of tests and personal evaluations. Id., ¶¶ 37, 39. UPS then used the results of those tests and evaluations to determine whether the trainee was qualified to receive a promotion. See id. Specifically the MAPP program tested the trainees' ability to perform basic and advanced math calculations, to complete forms, to prioritize and schedule daily activities, to write memoranda or short reports, to participate in panel reviews and to role play. Id., ¶¶ 37(1) - (7). The MAPP program also personally evaluated, among other things, the trainees' oral communication skills, dependability, integrity, commitment and problem solving skills. See id., ¶¶ 39(a) – (o).

UPS evaluated Potts pursuant to the MAPP program for approximately two years. A few days before the two-year mark, UPS determined that Potts was ineligible for a promotion to the position of full-time manager. She left the company shortly thereafter. During her two years on the job, UPS allegedly harassed and discriminated against Potts on the basis of the dark color of her skin and because of her morbid obesity, which allegedly rendered her disabled under the Americans with Disabilities Act ("ADA"). Id., ¶¶ 3, 35, 42, 109. Moreover, Potts allegedly complained to UPS regarding the harassment and discrimination, but UPS continually failed to address her concerns. Id., ¶¶ 46, 62-63, 75-77, 89-90, 110. Rather, as alleged, UPS increased its discriminatory conduct, retaliated against Potts and terminated her position because she routinely complained of the wide-spread harassment and discrimination at UPS. Id. at 47, 91, 130-131.

2

## B. PROCEDURAL HISTORY

On July 13, 2007 Potts filed her initial complaint against UPS. On September 7, 2007 UPS moved to dismiss Potts's complaint. On September 14, 2007 the Court denied UPS's motion and ordered Potts to file more specific allegations. As opposed to filing a more specific statement, Potts filed a first amended class action complaint. There she brought against UPS three individual counts and three class counts, seeking damages for an assortment of violations under Title VII and ADA. For her class claims, Potts alleged that she and a class of similarly situated individuals suffered from: discrimination and harassment in violation of Title VII (Count I); a hostile work environment in violation of Title VII (Count II); and racial discrimination, also in violation of Title VII (Count III). For her individual claims, Potts alleged that she suffered from: retaliation for the exercise of her rights in violation of Title VII (Counts IV, VI); and discrimination as a result of her disability in violation of ADA (Count V). On November 6, 2007 UPS responded to Potts's first amended complaint with another motion to dismiss. The motion is fully briefed and before the Court. Again, this Opinion and Order is restricted to a discussion of the sufficiency of Potts's class claims. See Bertrand v. Maram, 495 F.3d 452, 455 (7th Cir. 2007) (Easterbrook, J.) ("Class-action status must be granted (or denied) early not only to avoid problems with mootness, and provide an opportunity for interlocutory review, but also to clarify who will be bound by the decision.").

## II. DISCUSSION

### A. STANDARD OF REVIEW

#### 1. 12(b)(1)

Rule 12(b)(1) allows for dismissal when the court lacks subject matter jurisdiction over a claim for relief. Thomas v. Sheahan, 370 F. Supp. 2d 704, 708 (7th Cir. 2005). Where a

3

defendant's challenge is to the sufficiency of the allegations establishing jurisdiction, the court grants the same deference to the complaint when considering either a 12(b)(1) or 12(b)(6) motion. See United Trans. Union v. Gateway W. R.R. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). The court therefore assumes the truth of all well-pleaded allegations and draws all reasonable inferences in favor of the plaintiff. Patel v. City of Chi., 383 F.3d 569, 572 (7th Cir. 2004); Retired Chi. Police Ass'n v. City of Chi., 76 F.3d 856, 862 (7th Cir. 1996) (recognizing this standard for courts ruling on a motion to dismiss that challenges standing).

## 2. *Standing*

The doctrine of standing ensures that a litigant is the proper party to bring a matter before a federal court for adjudication, by asking if that specific litigant has a sufficient stake in the matter to invoke the federal judicial process. African-American Slave Descendants Litigation, 375 F. Supp. 2d 721, 744 (N.D. Ill. 2005), aff'd, 471 F.3d 754 (7th Cir. 2006). The United States Supreme Court has stressed "that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." Raines v. Byrd, 521 U.S. 811, 819 (1997). The plaintiff bears the burden of establishing the required elements of standing. Lee v. City of Chi., 330 F.3d 456, 468 (7th Cir. 2003).

To establish standing, a plaintiff must show: (1) an injury in fact, meaning an invasion of a legally protected interest, which is (a) concrete and particularized, and (b) imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that a favorable court decision will redress the injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Rawoof v. Texor Petroleum Co., Inc., 521 F.3d 750, 756 (7th Cir. 2008). Where a plaintiff is asserting her claims on behalf of a class, that plaintiff must demonstrate individual standing to pursue each claim alleged at the time the

complaint is filed without looking to the purported class. Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 616 (7th Cir. 2002); Harriston v. Chi. Tribune Co., 992 F.2d 697, 703 (7th Cir. 1993) ("To have standing to sue as a class representative, the plaintiff 'must be part of the class and possess the same interest and suffer the same injury' as the class members.") (citing E. Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)). And, "the mere fact that an aggrieved party is a member of an identifiable class of persons of the same race or national origin is insufficient to establish his standing to litigate on their behalf all possible claims of discrimination against a common employer." General Telephone Co. of S.W. v. Falcon, 457 U.S. 147, 159 n. 15 (1982).

## B. STANDING TO PURSUE CLASS CLAIMS

While working at UPS, Potts suffered an alleged discrimination in the following three ways. First, UPS allegedly denied her the opportunity for further advancement when it failed to promote her to the position of full-time manager. Second, UPS allegedly subjected Potts to a hostile work environment as a result of her race, color and disability. Third, UPS allegedly retaliated against Potts when she complained of the discrimination. Yet, in contrast, even viewing Potts's allegations in a light most favorable to her, it is clear that Potts did not suffer discrimination in many ways. For instance, UPS hired Potts for the management trainee position, despite her race, color and disability. She was not demoted. She was not disciplined. She was not left in the dark regarding a possible promotion. She took the MAPP test. She did not receive inadequate training. She was not paid differently than others. She was not terminated for an infraction or for another terminable offense. Potts's complaint therefore passes muster, giving notice that UPS harassed her, denied her a promotion and retaliated against her

because of her race, color and disability. But her class claims leap beyond the realm of her injuries.

Potts now alleges that she represents a class of similarly situated employees that UPS subjected to discipline, termination and demotion because of their race. See AC, ¶ 18. She further alleges that she represents a class of employees that UPS failed to train, hire, inform of opportunities and pay equally as a result of their race. Id., ¶¶ 43(c), (g), (i), (j). Potts ignores with regard to these employees, however, that she did not suffer their same alleged injuries and thus has nothing in common with them. In light of this, UPS argues that Potts's class claims should be dismissed pursuant to 12(b)(1) because Potts cannot raise claims on behalf of a class for which she does not have individual standing to pursue herself. Not only that, UPS points out that Potts's broad class claims purport to challenge employment decisions that UPS made with regard to positions that Potts never held. In sum, UPS asserts that Potts does not have standing to challenge employment actions that did not affect her.

Potts, in response, simply concludes she has standing "to pursue a Nationwide Class Action case on behalf of all African-American employees of Defendant UPS." She further asserts, in line with the three requirements for standing, that she has suffered an injury that actually exists and is concrete and particularized. It is true that Potts can pursue a properly-pleaded class action if her complaint establishes a particularized injury with regard to UPS's alleged failure to promote, harassment and retaliation. But, from there, she goes astray.

Potts has not established that she particularly and concretely suffered the myriad of injuries that she outlines in her class allegations – demotion, disparate pay, hiring, discipline, inadequate training and failure to notify. Her class claims are so broad, in fact, that Potts purports to represent anyone and everyone that UPS, at any time, allegedly subjected to

6

discrimination. This she cannot do. See Talley v. Leo J. Shapiro & Assoc., 713 F. Supp. 254, 257-58 (N.D. Ill. 1989) (dismissing class claims on standing grounds where plaintiff was hired and thus had "no standing to assert claims on behalf of person were not hired by defendants") (citing Badillo v. Cent. Steel & Wire Co., 495 F. Supp. 299, 305-306 (N.D. Ill. 1980)); Harriston, 992 F.2d at 703-04 (finding no standing where plaintiff was promoted, and thus not a member of the class she described). Based on the allegations set forth in Potts's complaint, we find that Potts lacks adequate standing to pursue her claims on behalf of the class of individuals that she purports to represent.

## III. CONCLUSION

For the foregoing reasons, Defendant United Parcel Service, Inc.'s Motion to Dismiss Plaintiff Shauntel Potts's First Amended Class Action Complaint, pursuant to FED. R. CIV. P. 12(b)(1), is granted as to Counts I, II and III, without prejudice.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 5-9-08